UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                        )
DENNIS MORAN and MWW, PLLC,             )   No. C12-01656L
                                        )
                Plaintiffs,             )
        v.                              )
                                        )   ORDER GRANTING PLAINTIFFS'
MONITOR LIABILITY MANAGERS, LLC;        )   MOTION FOR REMAND
CAROLINA CASUALTY INSURANCE             )
COMPANY; PAUL FOGARTY and JANE          )
DOE FOGARTY, husband and wife and their )
marital community formed thereof; and   )
DEARMIN FOGARTY PLLC,                   )
                                        )
                Defendants.             )
_____)

This matter comes before the Court on plaintiffs' "Motion to Remand." Dkt. # 10. Defendants Monitor Liability Managers, LLC (hereinafter "Monitor") and Carolina Casualty Insurance Company (hereinafter "Carolina") removed this action to federal court following the state court's dismissal of the only non-diverse defendants: Paul Fogarty, his firm, and his wife (hereinafter "Fogarty defendants"). Monitor and Carolina contend that the Fogarty defendants were fraudulently joined and that plaintiffs' voluntary dismissal of certain claims makes removal proper. The Court disagrees and grants plaintiffs' motion for remand.

It is well settled that removal statutes are strictly construed against removal and that the defendant has the burden of establishing that removal is proper. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Any doubts regarding the propriety of removal favor remanding the case. Id. The Court finds that Carolina and Monitor have not met their burden for several reasons.

ORDER REMANDING ACTION - 1

First, Defendants' removal of this action immediately after the Fogarty defendants were dismissed deprived plaintiffs of their normal options for seeking reconsideration of the decision, amendment of the complaint, or appellate review in the state courts. Plaintiffs and this Court are therefore faced with a situation where the decision that created complete diversity for federal jurisdiction purposes was made by a tribunal other than the one now hearing the case. The appropriate avenue for obtaining relief from the crucial decision was obscured by the mid-litigation shift in venue.

It is this sort of procedural ambiguity and potential for conflict that is avoided through the application of the voluntary/involuntary rule. As discussed by the Supreme Court and adopted by the Ninth Circuit:

> It is also settled that a case, arising under the law of the United States, nonremovable on the complaint when commenced, cannot be converted into a removable one by evidence of the defendant or by an order of the court upon any issue tried upon the merits, but that such conversion can only be accomplished by the voluntary amendment of his pleadings by the plaintiff or, where the case is not removable because of joinder of defendants, by the voluntary dismissal or nonsuit by him of a party or of parties defendant.

Self v. General Motors Corp., 588 F.2d 655, 659 (9th Cir. 1978) (citing Kansas City Suburban Ry. Co. v. Herman, 187 U.S. 63 (1902)).

Defendants acknowledge this voluntary/involuntary rule and argue that "it was not the state court's dismissal of the claims against the Fogarty defendants that provided the impetus for removal, it was plaintiffs' voluntary concession" in oral argument that one of the claims[1] against the Fogarty defendants was "meritless and ripe for 12(b)(6) dismissal." Response, at 4. The Court disagrees. Defendants offer no authority for the proposition that a plaintiff's voluntary dismissal of a *claim* qualifies under the voluntary/involuntary rule. Rather, the key focus under Self is

---

[1] The claim in question is a bad faith claim, which plaintiffs dispute that they ever alleged against the Fogarty defendants. For purposes of this argument, the Court need not decide whether plaintiffs in fact brought the charge and then abandoned it.

ORDER REMANDING ACTION - 2

whether the plaintiff voluntarily dismissed a defendant *party*. The state court's dismissal of the Fogarty defendants is the type of involuntary action that defeats removal.

Next, Monitor and Carolina argue that this voluntary/involuntary rule is subject to an exception where the nondiverse defendants are determined to have been fraudulently joined. Self, 588 F.2d at 659. In order to successfully demonstrate fraudulent joinder, Monitor and Carolina must show that the removal action was timely, 28 U.S.C. § 1446(b), and that the plaintiffs obviously failed to establish a cause of action against the Fogarty defendants according to the settled rules of the state, Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).

As regards timeliness, defendants are required to remove within thirty days of service, 28 U.S.C. § 1446(b)(1), or "if the case stated in the initial pleadings is not removable, a notice of removal may be filed within thirty days . . . from which it may first be ascertained that the case . . . has become removable," id. § 1446(b)(3). Carolina and Monitor were served with plaintiffs' complaint on June 14, 2012, but did not remove the action to federal court until September 25, 2012, more than two months after the initial thirty-day clock had run. Faced with this timing problem, Carolina and Monitor argue that the Fogarty defendants were initially joined legitimately, and it was not until the plaintiffs dropped their only legitimate claim in oral argument on September 7, 2012, that the Fogarty defendants became fraudulently joined. The Court finds this argument unpersuasive, and defendants offer no authority to support their argument that a defendant can become fraudulently joined in this manner. Accordingly, the Court finds that the thirty-day removal period was not reset on September 7, 2012, and that removal was untimely.

Additionally, Carolina and Monitor have not shown that the plaintiffs obviously failed to establish a cause of action against the Fogarty defendants according to the settled law of the state. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). Although the Fogarty defendants were dismissed by the state court trial judge, the dismissal does not resolve

ORDER REMANDING ACTION - 3

issues of law in either party's favor, and a federal court considering fraudulent joinder is not bound by the state trial court's dismissal. Poulos v. Naas Foods, Inc., 959 F.2d 69, 73 n.4 (7th Cir. 1992). Instead, a district court should construe all doubts of law in favor of the plaintiff for purposes of removal. Id. at 73.

Turning to plaintiffs' claim against the Fogarty defendants for tortious interference with a contract, the Court agrees that this claim is not obviously foreclosed under Washington State law. At issue is whether Mr. Fogarty, as outside coverage counsel for Carolina, can independently interfere in the insurance contract between Carolina and plaintiffs. Defendants cite to this Court's decision in Kazia Digo, Inc. v. Smart Circle Int'l, LLC, No. C11-544RSL, 2012 WL 836233 (W.D. Wash. Mar. 12, 2012), for the proposition that tortious interference requires that the interferor be an intermeddling third party, not a party to the contract or its agent. Carolina and Monitor overstate the Court's ruling. This Court did not decide in Kazia Digo whether an agent of a contracting party can interfere with the contract. Moreover, the Washington case cited by defendants leaves open the possibility that the Fogarty defendants could be liable for tortious interference if Mr. Fogarty acted outside the scope of his assignment from Carolina. Houser v. City of Redmond, 586 P.2d 482, 485 (1978) (noting that if "the actions of the employees were not within the scope of employment, then they are third parties potentially liable [for tortious interference] in their individual capacities"). Carolina and Monitor have not shown that plaintiffs obviously failed to state a cause of action against the Fogarty defendants.

For all of the foregoing reasons, the removal of this action to federal court was inappropriate and plaintiff's motion to remand is GRANTED. The Clerk of Court is directed to transmit the file regarding C12-01656RSL to the Superior Court of the State of Washington in and for the County of King.

DATED this 7th day of December, 2012.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

ORDER REMANDING ACTION - 5